**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-_____

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

v.

**CAREFREE/SCOTT FETZER COMPANY d/b/a CAREFREE OF COLORADO,**

    Defendant.

---

## COMPLAINT

---

### NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, against Defendant Carefree of Colorado ("Carefree") to correct unlawful employment practices on the basis of disability and retaliation and to provide appropriate relief to Anna Biryukova, an individual with a disability as defined by the ADA. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges Carefree failed to hire Ms. Biryukova because of her disability and/or the need to accommodate her disability. The EEOC further alleges that Carefree retaliated against Ms. Biryukova because she and a third party acting on her behalf engaged in protected activity.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3); Section 503 of

the ADA, 42 U.S.C. § 12203; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§ 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the

administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized

to bring this action under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates

by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Carefree, a Delaware corporation, has continuously been

doing business in the State of Colorado and the City of Broomfield.

5.      At all relevant times, Carefree has continuously had at least 15 employees.

6.      At all relevant times, Carefree has continuously been an employer engaged in an

industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.

§§ 12111(5) and (7).

7.      At all relevant times, Carefree has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

8.      Carefree's corporate office is in Broomfield, Colorado.

9.      Carefree is owned by the Scott Fetzer Company, which is a subsidiary of

Berkshire Hathaway Inc.

10.     Carefree represents itself to the public as "the worldwide leader in RV sun and

shade solutions."

11.     Carefree develops, manufactures, markets, and sells shade products and accessories, including RV awnings.

12.     Dealers across the United States sell Carefree's products.

13.     Since at least August 2016, Carefree has engaged in unlawful employment practices in violation of Section 102 of Title I and Section 503 of Title V of the ADA, 42 U.S.C. § 12112 and 42 U.S.C. § 12203.

## STATEMENT OF CLAIMS

**I.     Conditions Precedent**

14.     More than 30 days prior to the institution of this lawsuit, Ms. Biryukova filed a charge of discrimination with the EEOC alleging violations of the ADA by Carefree.

15.     The EEOC provided Carefree with notice of the charge of discrimination.

16.     The EEOC investigated the charge of discrimination.

17.     Based on the evidence obtained during the investigation, the EEOC issued a determination finding reasonable cause to believe that Carefree engaged in certain unlawful employment practices identified in the determination.

18.     The EEOC's determination included an invitation for Carefree to join the Commission in informal methods of conciliation in an attempt to eliminate the alleged unlawful employment practices.

19.     The EEOC and Carefree were unable to reach an agreement through the conciliation process.

20.     On July 17, 2019, the EEOC sent notice to Carefree that conciliation efforts had failed.

21.     The EEOC fulfilled all conditions precedent to the institution of this lawsuit.

## II.    General Allegations

22.    Ms. Biryukova is deaf.

23.    Ms. Biryukova's deafness substantially limits her in the major life activity of hearing.

24.    Ms. Biryukova is a qualified individual with a disability as defined by the ADA.

25.    Raymond Clark is an independent job developer who contracts with the State of Colorado's Division of Vocational Rehabilitation.

26.    Mr. Clark is also hearing impaired.

27.    Mr. Clark provides assistance and employment services for job seekers with hearing impairments.

28.    In 2016, Ms. Biryukova was Mr. Clark's client.

29.    In August 2016, Mr. Clark recommended that Ms. Biryukova apply for a position with Carefree.

30.    On or around August 22, 2016, Ms. Biryukova emailed her resume to Carefree and expressed interest in the Assembler, Packer, and Sewing Operator positions.

31.    That same day, Sandra Pravecek, Human Resources Assistant for Carefree, contacted Ms. Biryukova regarding her interest in the Assembler, Packer, and Sewing Operator positions.

32.    Ms. Pravecek invited Ms. Biryukova to come to Carefree's office in Broomfield to fill out an application and interview.

33.    Ms. Biryukova forwarded this invitation to Mr. Clark.

34.    Sometime thereafter, Mr. Clark called Ms. Pravecek to schedule an interview.

35.    Mr. Clark told Ms. Pravecek that he represented a client named Anna Biryukova.

36.     Mr. Clark told Ms. Pravecek that Ms. Biryukova would need a sign language interpreter for the interview because Ms. Biryukova is hearing impaired

37.     Mr. Clark also told Ms. Pravecek that an interpreter would be provided at no cost to Carefree.

38.     Ms. Pravecek told Mr. Clark that Ms. Biryukova could not work for Carefree because she is deaf.

39.     Ms. Pravecek then hung up on Mr. Clark.

40.     On or around August 26, 2016, Ms. Pravecek emailed Ms. Biryukova and advised her there were no openings for the Assembler or Sewing Operator positions.

41.     Ms. Pravecek said nothing in her email about the Packer position.

42.     Ms. Pravecek also told Ms. Biryukova that Carefree "will keep [her] resume on file."

43.     Ms. Pravecek ended the email by wishing Ms. Biryukova good luck with her job search.

44.     Ms. Biryukova forwarded the email to Mr. Clark that afternoon.

45.     The same day, Mr. Clark called Ms. Pravecek regarding her email.

46.     Mr. Clark expressed that Carefree was discriminating against Ms. Biryukova because of her hearing impairment.

47.     Mr. Clark also expressed that Carefree was not considering Ms. Biryukova's experience working in a warehouse.

48.     By making these comments to Ms. Pravecek, Mr. Clark opposed disability-related discrimination on Ms. Biryukova's behalf.

49.     Ms. Pravecek stated during the conversation with Mr. Clark that Ms. Biryukova's hearing impairment "might be a challenge."

50.     Ms. Pravecek became flustered during the conversation with Mr. Clark.

51.     Eventually, Ms. Pravecek agreed to have Ms. Biryukova come in for an interview.

52.     The interview was scheduled to take place on August 31, 2016.

53.     On or about August 29, 2016, Erica Salas applied and interviewed for a position at Carefree.

54.     Ms. Salas was hired as an Assembler on September 1, 2016.

55.     Ms. Salas did not have a hearing impairment at the time she was interviewed and hired by Carefree.

56.     On or about August 31, 2016, Ms. Biryukova came to Carefree's Broomfield office for her interview.

57.     Ms. Biryukova was accompanied by Mr. Clark and a sign language interpreter.

58.     Prior to the interview, Melanie Oliver, Carefree's Human Resources Manager, communicated with Mr. Clark mostly via handwritten notes.

59.     Mr. Clark asked Ms. Oliver whether Ms. Pravecek had told Ms. Oliver what happened during their phone conversation.

60.     Ms. Oliver communicated to Mr. Clark: "Our concern w/ someone not being able to hear is the equipment we work with, forklift traffic, etc."

61.     Ms. Oliver also stated: "Overall safety issues w/ punch presses saws, etc."

62.     Mr. Clark complained to Ms. Oliver that Carefree was not providing equal opportunity or reasonable accommodation, but instead was engaging in discrimination.

63.     By doing so, Mr. Clark opposed disability-related discrimination on Ms. Biryukova's behalf.

64.     Mr. Clark asked Ms. Oliver in the handwritten notes if he and Ms. Biryukova could take a tour of the Broomfield facility to assess Carefree's concerns.

65.     Ms. Oliver responded: "Sandi [Pravecek] will work with you on that."

66.     Ms. Biryukova filled out an application for employment with Carefree.

67.     Ms. Biryukova's application, signed August 31, 2016, states that she was applying for a permanent full-time position as an Assembler, Packer, or Sewing Operator.

68.     Ms. Biryukova was qualified for the Assembler position.

69.     Ms. Biryukova was qualified for the Packer position.

70.     Ms. Pravecek interviewed Ms. Biryukova.

71.     Mr. Clark and a sign language interpreter accompanied Ms. Biryukova during the interview.

72.     At the time of her interview, Ms. Biryukova had experience working as an assembler at Navajo Manufacturing from February 2016 through May 2016.

73.     Ms. Biryukova communicated her experience to Ms. Pravecek during the interview.

74.     Ms. Biryukova also told Ms. Pravecek that when she worked at Navajo Manufacturing, she worked the second shift from 3 p.m. to midnight.

75.     During the interview, Ms. Pravecek stated Carefree had open Assembler and Packer positions.

76.     Mr. Clark requested during the interview that Ms. Biryukova be allowed to have a sign language interpreter present for the first 90 days of her potential employment with Carefree for training purposes.

77.     By doing so, Mr. Clark requested reasonable accommodation on Ms. Biryukova's behalf.

78.     Mr. Clark expressed that the sign language interpreter would be provided at no cost to Carefree.

79.     During the interview, Ms. Pravecek asked Ms. Biryukova if she would be willing to work the first shift at Carefree beginning at 5 a.m., and Ms. Biryukova responded that she would be willing to work the first shift.

80.     During the interview, Ms. Pravecek asked Ms. Biryukova if she would be willing to work the second shift at Carefree beginning at 3:30 p.m., and Ms. Biryukova responded that she would be willing to work the second shift.

81.     During the interview, Ms. Pravecek asked Ms. Biryukova if she would be willing to work the Saturday shift at Carefree beginning at 5 a.m., and Ms. Biryukova responded that she would be willing to work the Saturday shift.

82.     During the interview, Ms. Pravecek also asked Ms. Biryukova about her lifting abilities, and Ms. Biryukova stated she could lift 50 pounds.

83.     Ms. Biryukova added that she could lift more if she had help or used assistive equipment.

84.     At no time during the interview did Ms. Pravecek state the Packer position required lifting up to 75 pounds.

85.     At the end of the interview, Ms. Pravecek said, "we have other applicants to consider."

86.     She also told Ms. Biryukova that she would only be calling the candidate who was being considered for the position.

87.     Ms. Pravecek showed little to no enthusiasm toward Ms. Biryukova during the interview.

88.     After the interview, Ms. Pravecek took Ms. Biryukova and Mr. Clark on a tour of the plant floor.

89.     Mr. Clark did not observe any safety concerns on this tour that would prevent Ms. Biryukova from working at Carefree.

90.     Ms. Pravecek did not call Ms. Biryukova after the interview.

91.     Approximately one week after the interview, Mr. Clark called Ms. Pravecek to follow up.

92.     Ms. Pravecek told Mr. Clark that someone else had been hired for the Assembler position.

93.     On or about September 6, 2016, Tamara Cruz applied and was interviewed for a position at Carefree.

94.     Ms. Cruz was hired by Carefree as an Assembler on September 12, 2016.

95.     Ms. Cruz had a 2011 felony for attempted theft and was later terminated by Carefree for timecard fraud.

96.     Ms. Cruz did not have a hearing impairment at the time she was interviewed and hired by Carefree.

97.     On September 13, 2016, Ms. Biryukova followed up with Carefree.

98.     Ms. Biryukova inquired about open positions at Carefree.

99.     Ms. Pravecek told Ms. Biryukova that Carefree did not have a position for her.

100.    Ms. Pravecek also told Ms. Biryukova that she would not be a suitable candidate for the Packer position.

101.    Ms. Biryukova expressed during this conversation that she believed Carefree was discriminating against her because of her disability.

102.    By doing so, Ms. Biryukova opposed disability-related discrimination.

103.    Carefree did not contact Ms. Biryukova after the interview on August 31, 2016 about any open positions at Carefree.

104.    Carefree did not contact Ms. Biryukova after the interview on August 31, 2016 about any open positions at Carefree even through her resume had been put on file at Carefree.

105.    Carefree did not contact Ms. Biryukova after the interview on August 31, 2016 about any open positions even though she had become part of Carefree's applicant pool.

106.    Carefree did not hire Ms. Biryukova for any position at Carefree.

107.    From approximately late August 2016 to late October 2016, Carefree interviewed and hired eight individuals for the Assembler position.

108.    None of these individuals had hearing impairments at the time they were interviewed and hired by Carefree.

109.    From approximately late August 2016 to late October 2016, Carefree interviewed and hired 13 individuals for the Packer position.

110.    None of these individuals had hearing impairments at the time they were interviewed and hired by Carefree.

111.    In the past, Carefree has hired applicants as Packers who stated during their interviews they could lift 50 pounds.

112.    From approximately late August 2016 until late October 2016, Carefree hired four applicants as Packers who stated during their interviews they could lift 50 pounds.

113.    Carefree also hired an applicant as a Packer who interviewed on the same day as Ms. Biryukova and who stated during his interview that he could lift between 40 and 50 pounds.

## FIRST CLAIM FOR RELIEF

### Disparate Treatment Based on Disability and/or the Need to Provide Accommodation (42 U.S.C. §§ 12112(a) and (b)(5)(B))

114.    The EEOC reasserts and incorporates by reference all of the foregoing allegations.

115.    At all relevant times, Ms. Biryukova was an individual with a disability under 42 U.S.C. § 12102.

116.    At all relevant times, Ms. Biryukova was qualified and able to perform the essential functions of the Assembler position, with or without reasonable accommodation.

117.    At all relevant times, Ms. Biryukova was qualified and able to perform the essential functions of the Packer position, with or without reasonable accommodation.

118.    Carefree denied Ms. Biryukova employment opportunities because of her disability and/or because of the need to provide reasonable accommodation for her disability in violation of Sections 102(a) and 102(b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(B).

119.    Carefree took adverse action against Ms. Biryukova by refusing to hire her because of her disability and/or because of the need to provide reasonable accommodation for her disability.

120.    Carefree took adverse action against Ms. Biryukova by not considering her for open positions because of her disability and/or because of the need to provide reasonable accommodation for her disability.

121.    Carefree treated Ms. Biryukova less favorably than less qualified applicants who were not hearing impaired.

122.    The effect of the practices complained of in the foregoing paragraphs has been to deprive Ms. Biryukova of equal employment opportunities because of her disability.

123.    The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Ms. Biryukova and to deprive her of the financial and other benefits of working for Carefree.

124.    The unlawful employment practices complained of in the forgoing paragraphs were intentional.

125.    The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to Ms. Biryukova's federally protected rights.

## SECOND CLAIM FOR RELIEF

### Retaliation (42 U.S.C. § 12203)

126.    The EEOC reasserts and incorporates by reference all of the foregoing allegations.

127.    By opposing disability-related discrimination, Ms. Biryukova and Mr. Clark, acting on Ms. Biryukova's behalf, engaged in protected activity.

128.    By requesting reasonable accommodation, Ms. Biryukova and/or Mr. Clark, acting on Ms. Biryukova's behalf, engaged in protected activity.

129.    Carefree engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203, by retaliating against Ms. Biryukova because she and/or Mr.

Clark opposed what they reasonably and in good faith believed were unlawful discriminatory employment practices based on the ADA.

130.     Carefree engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203, by retaliating against Ms. Biryukova because she and/or Mr. Clark requested reasonable accommodation.

131.     Carefree retaliated against Ms. Biryukova by refusing to hire her and by refusing to consider her for open positions.

132.     The effect of the practices complained of in the forgoing paragraphs has been to deprive Ms. Biryukova of equal employment opportunities because she and a person speaking on her behalf engaged in protected activity.

133.     The effects of the practices complained of in the paragraphs above have been to inflict emotional pain, suffering, and inconvenience upon Ms. Biryukova and to deprive her of the financial and other benefits of working for Carefree.

134.     The unlawful employment practices complained of in the forgoing paragraphs were intentional.

135.     The unlawful employment practices complained of in the forgoing paragraphs were done with malice or reckless indifference to Ms. Biryukova'a federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Carefree, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants or employees because of a disability.

B.      Order Carefree to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Carefree to make whole Ms. Biryukova, by providing appropriate back pay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place hiring of Ms. Biryukova, or front pay in lieu thereof.

D.      Order Carefree to make whole Ms. Biryukova by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E.      Order Carefree to make whole Ms. Biryukova by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in the paragraphs above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of credit standing, and stress, in amounts to be determined at trial.

F.      Order Carefree to pay Ms. Biryukova punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G.      Grant such further relief as this Court deems necessary and proper.

H.      Award the EEOC its costs of this action.

RESPECTFULLY SUBMITTED this 5th day of September, 2019.

Sharon Fast Gustafson
General Counsel

Gwendolyn Reams
Associate General Counsel

Mary Jo O'Neill
Regional Attorney
Phoenix District Office

Rita Byrnes Kittle
Supervisory Trial Attorney

*/s/ Laurie Jaeckel*
Lauren Jaeckel
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Phone: (303)-866-1381
Email: lauren.jaeckel@eeoc.gov

**PLEASE NOTE**: For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.