**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02530-RM-NRN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CAREFREE/SCOTT FETZER COMPANY d/b/a CAREFREE OF COLORADO,

    Defendant.

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

    Plaintiff Equal Employment Opportunity Commission and Defendant Carefree/Scott Fetzer Company d/b/a Carefree of Colorado ("Carefree"), by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information ("Protective Order"), as follows:

    1.    Records maintained by the EEOC are subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(1)-(9), and the Federal Records Act, 44 U.S.C. § 3101 *et seq*. As a result, the EEOC cannot agree to confidentiality of any records which are not subject to a FOIA exemption. Carefree takes no position as to the EEOC's statutory obligations.

    2.    This Protective Order shall apply to all confidential documents, materials, and information, including without limitation, documents produced, answers to interrogatories, answers to requests for admission, deposition testimony, and other information disclosed pursuant

to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

3.  As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.  "CONFIDENTIAL" information subject to this Protective Order includes any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information covered by one or more of the statutory exemptions which protect confidentiality under the FOIA, 5 U.S.C. § 552(b). These exemptions include, *inter alia*, "trade secrets and commercial or financial information obtained from a person and privileged or confidential," and "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(4) & (6).

5.  As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who must certify that the designation as "CONFIDENTIAL" is based on a good-faith belief that the information is confidential or otherwise entitled to protection.

6.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case, including any appeals, or as required by law, including in conformance with the EEOC's obligations under FOIA, or by court order.

7.  CONFIDENTIAL information shall not, without the consent of the party producing it or further order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case;

(c) the Charging Party Anna Biryukova;

(d) the parties and designated representatives for the parties, including insurers and representatives of Carefree's affiliates;

(e) retained expert witnesses and consultants providing services in this case;

(f) the Court and its employees;

(g) stenographic reporters, videographers, and interpreters who are engaged in proceedings necessarily incident to the conduct of this action;

(h) deponents, witnesses, or potential witnesses; and

(i) other persons agreed upon in writing by the parties.

8. The designating party may designate a document as CONFIDENTIAL by placing or affixing on the document (in a manner that will not interfere with its legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

9. The inadvertent, unintentional, or *in camera* disclosure of CONFIDENTIAL information will not, by itself, be deemed a waiver, in whole or in part, of any claims of confidentiality.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and, if so designated, shall be subject to the provisions of this Protective Order. Such designation shall be made on the

record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

11.     The parties agree to file documents designated as CONFIDENTIAL by the other party in conformance with D.C.COLO.LCivR 7.2(e). The filing party shall restrict any document designated CONFIDENTIAL at the time of filing. However, it is the designating party's burden to file the motion to keep the document(s) restricted if it wishes for the restriction to remain beyond the 14 days contemplated in D.C.COLO.LCivR. 7.2(e). The parties will confer before any motion is filed to determine whether the motion is unopposed and will, whenever practicable, also confer as to whether any documents designated CONFIDENTIAL by the other party require filing under restriction subject to D.C.COLO.LCivR 7.2 or may be filed as unrestricted in the first instance.

12.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to raise the objection according to the applicable procedures of the Court and presiding judicial officer(s) so that the Court may determine whether the disputed information should be subject to the terms of this Protective Order within 45 days of the aforementioned notice. If such a discovery dispute is timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13.     The terms of this Order survive the termination of this action. The parties will not use or share information of CONFIDENTIAL information for any other matter except as required by law, including in conformance with the EEOC's obligations under FOIA. Physical copies of CONFIDENTIAL information will, at the conclusion of the case, either be destroyed or preserved by counsel for Carefree in a manner that is fully consistent with the terms of this Protective Order. Copies of CONFIDENTIAL information will be maintained by the EEOC in conformance with FOIA and the Federal Records Act, including to preserve the confidentiality of information subject to FOIA exemptions. At the end of the litigation (including any appeals), counsel of record may retain a copy of all court filings, discovery, and correspondence.

14.     The parties incorporate by reference herein their existing agreement regarding inadvertent disclosure of materials protected by the work product doctrine, attorney-client privilege, and governmental deliberative privilege, as stated and approved by the Court in the Scheduling Order. (ECF No. 26 at 9.)

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 18th day of December, 2019.

N. Reid Neureiter
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 18th day of December, 2019.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*s/ Nathan D. Foster*
Nathan Foster, Esq.
Lauren Jaeckel, Esq.
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
Telephone: (303) 866-1381
lauren.jaeckel@eeoc.gov
nathan.foster@eeoc.gov

*ATTORNEYS FOR PLAINTIFF*

LITTLER MENDELSON, P.C.

*s/ Thomas W. Carroll*
Thomas W. Carroll, Esq.
Margaret Parnell Hogan, Esq.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
mphogan@littler.com
tcarroll@littler.com

*ATTORNEYS FOR DEFENDANT*